# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2174

_____

United States of America

*Plaintiff - Appellee*

v.

Cesar Mujica-Aranda

*Defendant - Appellant*

_____

No. 15-2240

_____

United States of America

*Plaintiff - Appellee*

v.

Eriberto Moises Medina-Aranda

*Defendant - Appellant*

_____

No. 15-2441

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Eziquel Cazares

*Defendant - Appellant*

_____

No. 15-2518

_____

United States of America

*Plaintiff - Appellee*

v.

Susan Elise Prophet

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 21, 2015
Filed: November 23, 2015
[Published]

_____

Before WOLLMAN, LOKEN, and BYE, Circuit Judges.

_____

PER CURIAM.

-2-

In each of these four direct criminal appeals, the defendant-appellant filed an opening brief challenging the sentence imposed by the district court. In each case, the government has filed a Motion To Dismiss Appeal, arguing that the defendant entered into a voluntary plea agreement broadly waiving his right to appeal, the issues raised are within the scope of the appeal waiver, and we should enforce the waiver and dismiss the appeal. The appellants argue that the appeal waivers either do not apply or should not be enforced.

In United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (en banc), we held that we will enforce a knowing and voluntary appeal waiver, unless to do so "would result in a miscarriage of justice." We concluded that this narrow exception did not apply in Andis and dismissed the appeal. Id. at 894. Thus, the government had good reason to file what it captioned as a Motion To Dismiss in these appeals. But as Andis makes clear, we have jurisdiction over the appeals, and a decision to enforce an appeal waiver is a ruling on the merits of the appeal. Thus, a motion to enforce an appeal waiver and terminate an appeal prior to full briefing is not a jurisdictional motion to dismiss under Eighth Circuit Rule 47A(b). But the Federal Rules of Appellate Procedure plainly permit a motion seeking such relief, see F.R.A.P. 27(a)(1), which under our Local Rules must be submitted to a panel of three judges, see 8th Cir. Rule 27A(c).

We have summarily enforced appeal waivers in the past, and we will continue to do so in appropriate cases. Summary disposition relieves the government of the need to fully brief the merits of sentencing issues the defendant seeks to raise on appeal, while affording the defendant an opportunity to challenge the summary ruling in a petition for rehearing. However, in some cases, whether an appeal waiver should be enforced under Andis is either doubtful, or enmeshed with the merits of the issues the defendant seeks to raise on appeal. In such cases, the government's motion should be denied or taken with the case and decided by the panel to which the appeal is assigned after full briefing.

Having considered the Motion To Dismiss Appeal in each of these four cases from this perspective, we grant the motion and dismiss the appeals in No. 15-2174, United States v. Cesar Mujica-Aranda; No. 15-2240, United States v. Eriberto Moises Medina-Aranda; and No. 15-2441, United States v. Eric Eziquel Cazares. The Motion To Dismiss Appeal is taken with the case in No. 15-2518, United States v. Susan Elise Prophet.

———————————————